## CIRCUIT COURT OF WISE COUNTY

Heirs of Galen Roberts

v.

Coal Processing Corp.

### March 5, 1992

BY JUDGE DONALD R. MULLINS

It was stipulated by the parties to this suit that the only issues to be determined by the court at the February 18, 1992, trial was (1) the property subject of the Galen Roberts instrument dated September 19, 1874, and (2) the legal import of that instrument.

At the beginning of the trial, counsel stipulated that the parcels as shown on defendant's exhibits numbers 1-A through 1-E, with the appropriate exceptions shown therein, are the property subject of the Galen Roberts instrument of September 19, 1874.

During the trial, it was learned by defense counsel that he had erroneously included parcels P-14 and P-16 in the stipulation and moved to amend the stipulation to exclude those two parcels. This motion was granted by the Court. Therefore, defendant's exhibits number 1-A through 1-E, with the appropriate exceptions shown therein, minus parcels P-14 and P-16, are the property subject to the 1874 instrument.

The next issue is the legal import of the 1874 instrument. It is the finding of this Court that the instrument is a lease and not a severance deed. I have reviewed all the authority submitted by the plaintiffs and find nothing therein that supports their theory of a severance deed. The terminology and form of the instrument conforms squarely with the form set out in the Code of Virginia in effect at that time and every amendment thereto, up through the date of the filing of this suit in 1958. The three most compelling phrases in the instrument are, "This deed of lease . . .", "doth demise . . .", and "for the term of ninety-nine years with the privilege of *renewal* . . . ."

The only words in the instrument that support the plaintiff's position are the words, "grant and convey . . . ." These words imme-

diately follow the word "demise" which is the key word of conveyance used in all lease forms at that time and up to this day. Furthermore, the words "for the term of ninety-nine years with privilege of renewal . . ." completely negates any concept of absolute conveyance.

The evidence indicates that Galen Roberts was not a man of much formal education but, nevertheless, a man of considerable intelligence, initiative, and business acumen. He obviously knew the value of coal as shown by the instrument itself, and further, he knew how to sever the estates of surface and minerals by his deed to Hagan and Flannery in 1887.

If the plaintiffs' contention that Galen Roberts intended to sever the minerals from the surface in his September 19, 1874, instrument to Price and (Stiman) (sic) is correct, they must blame the scrivener's ineptness for their loss of an interest in the minerals. No reasonable interpretation of the form and contents of that instrument will lead to any other conclusion.

The case of *Bostic v. Bostic*, 199 Va. 348 (1957), cited by the plaintiffs does not support their position but, on the contrary, supports the defendant's position that an exception of a lease in a deed is not an exception *from the conveyance* of the minerals subject to such lease. To operate as a severance, the exception must specifically state that the minerals themselves are excepted from that conveyance.

The term "*all* the coal . . ." in the instrument does not necessarily denote a deed of severance but is commonly used to denote an exclusive right to mine by the lessee.

Therefore, the court finds in favor of the defendants on this dispositive issue, and no trial on the issue of damages need be scheduled unless the plaintiffs are successful in having this ruling reversed on appeal.